IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CV-333-BO

| | | |
|---|---|---|
| VENICE PI, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DOES 1-12, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's ex parte Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [DE #4]. On July 7, 2017, Plaintiff filed a complaint seeking injunctive relief, statutory damages, and attorney's fees and costs, asserting that unknown individuals named as Does 1-12 have infringed Plaintiff's rights under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("the Copyright Act"). Plaintiff alleges that it is the proprietor of copyrights in the motion picture *Upon a Time in Venice* and that Does 1-12 have illegally downloaded and distributed the motion picture within this judicial district using BitTorrent, a peer-to-peer file sharing network.

Plaintiff filed the instant motion seeking leave to issue subpoenas to various third-party internet service providers ("ISPs"), prior to conducting a Rule 26(f) conference, in order to obtain information sufficient to identify each of the Doe defendants. Specifically, Plaintiff seeks an order authorizing it to issue a Rule 45 subpoena commanding each of the ISPs (which are identified in Exhibit 2 to Plaintiff's Complaint) to provide Plaintiff with "the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address" of any Doe defendant that is a subscriber of the ISP.

## DISCUSSION

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Federal courts have discretion, however, to alter the timing and sequence of discovery. *ME2 Prods., Inc. v. Does 1-16*, No. 4:16-CV-279-FL, 2016 WL 7017268 (E.D.N.C. Dec. 1, 2016). Where, as here, discovery is necessary to identify an alleged copyright infringer and is sufficiently specific and narrowly tailored to identify the alleged infringers, courts have routinely allowed discovery prior to the Rule 26(f) conference. *See, e.g., LHF Prods., Inc. v. Does 1-5*, No. 1:17-CV-151-MR, 2017 WL 2960789 (W.D.N.C. July 11, 2017); *ME2 Prods., Inc. v. Does 1-16*, No. 4:16-CV-279-FL, 2016 WL 7017268 (E.D.N.C. Dec. 1, 2016); *Cell Film Holdings, LLC v. Does 1-2*, No. 1:16-CV-1216, ECF No. 9 (M.D.N.C. Oct. 24, 2016); *Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11-CV-345, 2011 WL 2634166 (E.D. Va. July 1, 2011).

## CONCLUSION

For good cause shown, the court hereby GRANTS Plaintiff's request for leave to conduct limited discovery prior to the Rule 26(f) conference on the terms set forth below:

1. Plaintiff may serve each of the ISPs identified in Exhibit 2 to its Complaint a Rule 45 subpoena duces tecum for information containing the following personally identifiable information concerning any of its subscriber(s) identified by the IP address(es) identified in Exhibit 2: name, permanent address, current address, telephone number, email address, and MAC. The date specified for return of the information sought by the subpoena ("return date") shall be no earlier than twenty-one (21) days of the date of service of the subpoena upon the ISP.

2. Within seven (7) days after service of such a subpoena, the ISP shall provide its subscriber with written notice of this order in compliance with 47 U.S.C. § 551(c)(2)(B).

3. Any motion to quash or modify the subpoena, whether by the ISP or the subscriber, shall be filed with the court prior to the return date and, in accordance with the Federal Rules of Civil Procedure, served on counsel of record for any parties who have appeared in the action.

4. Plaintiff shall notify the ISP promptly, and in no event later than twenty-four (24) hours, after it has been served with a motion to quash or modify a subpoena issued to the ISP.

5. An ISP shall not produce any documents in response to a subpoena served on it prior to the return date or, if a motion to quash or modify the subpoena has been filed, unless and until an order has been entered resolving the motion and ordering production of any requested information (in which case production shall be made in accordance with the terms of the court's order).

6. Prior to the production of any subpoenaed information, the ISP shall take such reasonable steps to ensure that it has been provided with notice of any motions to quash or modify the subpoena.

7. Any documents or information produced to Plaintiff in response to a subpoena authorized by this order may be used by Plaintiff for the purpose of prosecuting its infringement claims in this action and for no other purpose.

8. Except as expressly provided herein, by the Federal Rules of Civil Procedure, or by further order of this court, Plaintiff shall not engage in discovery in this action prior to the Rule 26(f) conference.

This 15th day of August 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge